Order Entered.

_____
L. Edward Friend, II
United States Bankruptcy Judge
**Dated: Wednesday, September 07, 2005 3:36:45 PM**

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE § | | |
| § | | |
| FRANCES ARLENE MULLINS, § | BK NO. 2:03-bk-04331 | |
| § | | |
| Debtor(s). § | | |
| § | | |
| HELEN M. MORRIS, TRUSTEE, § | | |
| § | | |
| Plaintiff(s), § | | |
| v. § | AP NO. 2:04-ap-00174 | |
| § | | |
| BILLY R. MULLINS, § | | |
| § | | |
| Defendant(s). § | | |

## MEMORANDUM OPINION

On December 8, 2003, Frances Arlene Mullins filed her Chapter 13 petition in bankruptcy. She listed total assets of $2,620 - all personal property. The claims in the case total $26,746.17.

The Debtor listed no real estate on her bankruptcy petition. However, at the time of the filing of the bankruptcy petition, Frances Arlene Mullins was a co-owner of real estate with her ex-husband, Billy R. Mullins.

In the divorce proceeding, Frances Arlene Mullins, by order dated September 14, 1998, was given sole possession of the home until the youngest child reached the age of 18.

On or about February 6, 2004, the house was sold and the net proceeds were $67,551.44. On February 5, 2004, the Debtor assigned her one-half interest in the house to Billy Ray Mullins for

payment of her debts to Billy Ray Mullins, a 1998 Ford Windstar and a 1993 Ford Explorer XLT, which the Debtor stated was equal to her share of the home. However, Billy Ray Mullins paid one-half of the settlement proceeds to the Debtor, with which the Debtor bought a mobile home and car and titled them in her daughter's name - Frances Ray Mullins.

Billy Ray Mullins deposited $33,000 in an account in the name of his son with himself as custodian.

The Trustee learned that the Debtor had an interest in real estate and instituted an adversary proceeding against Billy Ray Mullins to recover the unauthorized transfer of the Debtor's interest in the real estate.

There is an element of unfairness in demanding that Billy Ray Mullins deliver to the Trustee the proceeds of one-half interest that was assigned to him post-petition by the Debtor, Frances Arlene Mullins. Billy Ray Mullins has already given to Frances Arlene Mullins one-half of the proceeds. If the Court finds in favor of the Trustee, it will effectively result in Billy Ray Mullins receiving nothing from the sale of his property.

While the Court favors placing funds for the education and well-being of debtors' children, it does not favor such contributions when they are at the expense of the debtors' creditors. The Debtor did not list the interest in real estate in her bankruptcy petition. This may have been a misunderstanding, but when the Debtor later received cash from the sale of the property, she should have realized that she

2

had an asset and it should have been listed on her bankruptcy petition.

Without informing anyone of this benefit, she then places the money beyond the reach of her creditors by purchasing a mobile home and vehicle and putting the titles in her daughter's name.

Although the Debtor has substantial financial problems, her problems have been self-inflicted. If she had listed the one-half interest in the real estate at the time of filing of the bankruptcy, she could have exempted $25,000 of it. This would have left only $8,000 subject to creditor claims, which could have been paid in the Chapter 13 plan.

The Court finds the document dated February 5, 2004, entitled "To Whom it May Concern" be a nullity. Even though the Debtor signed the document and asserted that she had no interest in the land, within a few days of the closing, she received cash substantially equivalent to one-half of the proceeds and at some later time, purchased a mobile home and vehicle in her daughter's name.

Billy Ray Mullins is not a debtor in bankruptcy. He, as far as the Court knows, has done nothing to divert funds from his creditors. His actions with regard to the sale of the real estate were to provide funds for his children. His one-half interest in the real estate and the proceeds therefrom should not be used to pay the creditors of Frances Arlene Mullins.

The Trustee has made a motion to dismiss the Chapter 13 proceeding. If the Court dismisses the proceeding, the creditors of Frances Arlene Mullins would have no legal right to make a claim against Billy Ray Mullins. Conversely, the creditors of Frances Arlene Mullins would have to establish

their claims in light of the transfers the Debtor made to her daughter. This is one possibility. The other possibility is to assume that Frances Arlene Mullins had correctly listed her real estate and taken her West Virginia exemption of $25,000. In this case, the creditors would be entitled to an $8,000 payout pro-rated over their claims. The Court will accept a plan by Frances Arlene Mullins which pays the creditors $8,000 over the life of the plan if the plan otherwise qualifies and is recommended by the Trustee.

Accordingly, unless the Debtor submits an amended plan within thirty (30) days as set forth above, the Court will dismiss the Chapter 13 proceeding. In either case, the adversary proceeding is **DISMISSED** and it is accordingly **SO ORDERED**.

The Clerk is directed to transmit copies of this Order to the parties in interest.

4